ISABELLE BLESSING, PLAINTIFF-APPELLANT, v. DAVID GOODMAN, DOING BUSINESS AS THE RIDGEWOOD CORSET SHOP, DEFENDANT-APPELLEE.

Argued October 19, 1945—Decided January 24, 1946.

For the plaintiff-appellant, *Doughty & Dwyer* (*Michael A. Dwyer* and *John W. Ockford,* of counsel).

For the defendant-appellee, *Wilbur A. Stevens* (*Joseph Coult,* of counsel).

The opinion of the court was delivered by

FREUND, J. The plaintiff-appellant appeals from a judgment entered in the Supreme Court reversing a judgment of the Bergen Common Pleas in favor of the plaintiff and against the defendant. In the trial court, the jury awarded the plaintiff a judgment in the sum of $1,500, upon the alleged negligence of the defendant. The complaint alleges that the plaintiff entered the store of the defendant to make a purchase of merchandise and "that the negligence of the defendant consisted in that he did maintain the floor of the premises in an unsafe condition" whereby the plaintiff fell and sustained the injuries complained of.

The defendant on appeal to the Supreme Court stated in his grounds of appeal that "the trial court erred in charging the jury with reference to the testimony of the plaintiff as follows: 'that she' (the plaintiff) 'came in to buy something and that she slipped and fell upon a floor which she says was unusually slippery,' though objection was made thereto by the defendant." There was a reversal of the judgment and a *venire de novo* awarded and we affirm the judgment of the Supreme Court for the reasons to be presently stated.

The plaintiff's complaint does not allege that the floor of the defendant's premises was "unusually slippery" nor did the plaintiff or the witnesses on behalf of the plaintiff testify that the floor on which the plaintiff fell was "unusually slippery."

The trial judge, in reviewing the testimony of the plaintiff, charged the jury that, "Isabelle Blessing says that * * * she slipped and fell upon a floor which she says was unusually slippery * * *." At the conclusion of the trial judge's charge, the attorney for the defendant stated to the court his

objection to the use of the word "unusually" in describing the condition of the floor in the defendant's premises where the plaintiff allegedly fell. The objection was timely and proper. The trial judge, after objection was made to his use of the word "unusually," did not correct his error to the jury, although there was ample opportunity to make the correction.

We feel constrained to hold that the foregoing misquotation of the testimony by the trial judge and the failure to correct it after it was pointed out, was harmful error, and may well have influenced the verdict in some respect. We are unable to determine if the use of the word "unusually" as applied by the trial judge had any effect on the minds of the jury in their findings of the facts or in determining the amount of the verdict, but it may have had.

If the word "unusually" is to be taken as describing a condition of the floor more dangerous than those generally in use in like premises and there being no allegation in the complaint or testimony that the condition of the floor was "unusually" slippery, then the legal effect was harmful. The trial judge, in using the descriptive words "unusually slippery" arrived at a conclusion as to the condition of the said floor, which may have had its effect in the minds of the jury.

In the case of *Abt* v. *Leeds & Lippincott Co.,* 109 *N. J. L.* 311, there was testimony that the floor was "waxed, highly polished and very slippery" and Mr. Justice Trenchard, speaking for this court, held that such testimony "was insufficient to justify an inference of negligence upon the part of the defendant." However, there was testimony, in *Shipp* v. *Thirty-Second Street Corp.,* 130 *Id.* 518, where this court sustained a verdict for the plaintiff, that the floor where the plaintiff fell was in an unusually slippery condition which had existed for some time and previously had been called to the attention of the management by at least one other visitor to the defendant store. In the latter case, there may have been other acts of negligence to sustain the verdict for the plaintiff, but it did involve an unusually slippery floor.

We are not to be construed as passing upon the alleged negligence of the defendant in the case at bar. We point

out the distinction made by this court in the use of the words "very slippery" and "unusually slippery."

We agree with the court below, that the judgment in the trial court should be reversed, and a *venire de novo* awarded.

*For affirmance*—CASE, BODINE, DONGES, COLIE, WELLS, DILL, FREUND, McGEEHAN, JJ. 8.

*For reversal*—HEHER, PERSKIE, RAFFERTY, JJ. 3.